**UNITED STATES of America**

v.

**Gordon HALL and Michael Motsykulashvili, a/k/a "Mike the Russian," Defendants.**

**No. S1 97 CR. 1215(DC).**

United States District Court, S.D. New York.

May 4, 1999.

Mary Jo White, United States Attorney for the Southern District of New York by Celeste Koeleveld, Douglas Lankler, Jason Sabot, Assistant United States Attorneys, New York, for the United States.

White & Case LLP by James J. McGuire, Thomas M. Mullaney, New York City, for Defendant Gordon Hall.

Barry S. Turner, New York City, for Defendant Michael Motsykulashvili.

## MEMORANDUM DECISION

CHIN, District Judge.

In this RICO and securities fraud case, defendant Gordon Hall argues that there can be no unlawful manipulation unless the stock is at an artificially high price, that is, above its actual value or true worth. In his testimony at trial yesterday in response to my questions, Hall's expert used what he referred to as an "economic definition of 'manipulation'" (Tr. 2960), contending that if a stock is not trading above its real value, by definition there can be no manipulation. The flip side of this argument is that if a stock is underpriced, that is, trading below its actual value, a defendant cannot be guilty of manipulation merely because he tries to bring the price up to where he believes it ought to be.

These arguments are rejected. I hold that a defendant may be guilty of manipulation even if he believes a stock is underpriced or even if in fact a stock is trading below its actual value. I reach this conclusion for the following reasons.

First, there is nothing in the securities laws to suggest that a defendant cannot be guilty of manipulation unless a stock is trading above its "true worth." To the contrary, section 10(b) makes unlawful the use of "*any* manipulative or deceptive device or contrivance in contravention" of SEC rules and regulations. 15 U.S.C. § 78j(b) (emphasis added); *see generally Ernst & Ernst v. Hochfelder*, 425 U.S. 185, 199, 96 S.Ct. 1375, 47 L.Ed.2d 668 (1976). There is no requirement that the manipulative device result in a price above a stock's "true worth," nor does the law provide that a defendant is free to use a manipulative device to bring a stock's price up to where the defendant believes the stock should be. A defendant may not use any fraudulent means to manipulate the price of a stock, and a fraudulent scheme to manipulate price is unlawful even if the

goal is to get the stock to a price more reflective of its "true worth."

Second, Hall relies on an incorrect understanding of "artificial." Whether the price of a stock is "artificial" does not turn on whether the stock is trading above or below its "true worth." Rather, the trading price of a stock is determined by available information and market forces, and a stock is trading at an "artificial level" when it is trading at a level above what market forces would otherwise dictate. *United States v. Russo*, 74 F.3d 1383, 1394 (2d Cir.), *cert. denied*, 519 U.S. 927, 117 S.Ct. 293, 136 L.Ed.2d 213 (1996). A company may lawfully seek to "manipulate" the market by hiring legitimate stock promoters who disseminate information about the company to the public. As a consequence, the price of the stock may be driven up, but the new level is not an artificial one because it is the result of a better educated public. A company may not unlawfully seek to "manipulate" the market, however, by hiring illegitimate stock promoters who seek to drive the price up by generating trading by making undisclosed payments to brokers to push the stock with their customers.

Third, the "true worth" of a stock is something that is often difficult to determine. Ross yesterday referred to the process as an "estimate," and Hall's valuation expert described three methods for valuing a stock. Clearly, the process is, to some extent, a subjective one requiring the use of opinions and judgments. A defendant's liability for violating the securities laws surely cannot turn on the vagaries of valuing a stock.

Finally, Hall's argument simply does not make sense. A fraudulent scheme to manipulate is unlawful, even if the defendant is trying in his mind to correct the market. Even assuming Hall was genuinely trying to bring the price of HealthTech stock up to where he believed it should be, the ends do not justify the means and he could not seek to do so through unlawful means.

Hall relies on the *Russo* case. While there is some language in the decision that arguably supports Hall's position, in the end the case does not stand for the proposition that there cannot be manipulation unless a stock is trading at a price above its "true worth." There, the district court instructed the jury as follows:

> [T]o find an intent to manipulate the price of ... stock, you must find that the defendant you are considering intended to raise the price of the stock to, or maintain the price of the stock at an artificial level, that is, to a level above the investment value of the stock as determined by available information and market forces ....

*Russo*, 74 F.3d at 1394. The last clause in the sentence is particularly significant to the issue at hand, as it explains that an "artificial" level is one "above the investment value of the stock as determined by available information and market forces." The key is not what a stock is actually worth, but what the investment value is "as determined by available information and market forces."

In fact, the defendants in *Russo* made an argument remarkably similar to that advanced by Hall here. There, the defendants objected to the quoted instruction, requesting instead an instruction requiring the jury to find that the defendants believed that the stock was really worth less than the price at which they traded it. The district court overruled the objection and refused to give the requested instruction. The Second Circuit affirmed, rejecting the argument that the defendants' subjective valuation of the stock, *i.e.*, what they believed to be the stock's "true worth," should have been the sole determinant of whether the prices that resulted from the defendants' fraudulent activities were "artificial." 74 F.3d at 1394.

In short, defense counsel may not argue to the jury that there can be no unlawful

manipulation unless the stock was trading above its actual value or true worth.

SO ORDERED.